UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO ANTHONY,

    Plaintiff,

v                                                              Case No. 4:03-cv-87

LEE GILMAN, et al.,                          Hon. Wendell A. Miles

    Defendants.

_____/

ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY
AND PERMANENT INJUNCTION

    The plaintiff in this action is a Michigan prisoner. In his First Amended Complaint, plaintiff, who alleges that he is currently incarcerated at the Alger Maximum Correctional Facility ("Alger"), asserts claims under 42 U.S.C. § 1983 against various current and former Michigan corrections officials who are or were employed at the Ionia Maximum Correctional Facility ("IMAX"). The matter is currently before the court on plaintiff's Motion for Preliminary and Permanent Injunction (docket no. 121), for which he has requested immediate consideration and an evidentiary hearing. The defendants have opposed the motion. For the following reasons, the court **DENIES** the motion.

**Discussion**

    Generally, in considering a request for a preliminary injunction, the district court should

consider (i) whether the movant is likely to succeed on the merits; (ii) whether the movant will suffer irreparable injury in the absence of an injunction; (iii) whether the injunction will cause substantial harm to others; and (iv) whether the injunction would serve the public interest. Capobianco v. Summers, 377 F.3d 559, 561 (6th Cir. 2004). Although an evidentiary hearing is typically required before an injunction may be granted, such a hearing is not necessary where no "triable issues of fact" are presented by the motion. United States v. Miami University, 294 F.3d 797, 815 (6th Cir. 2002).

No issues of credibility or fact are presented by plaintiff's motion, and no hearing is necessary. Plaintiff's motion fails because his request for injunctive relief against the named defendants is moot.

Plaintiff's motion is based on his placement in "top of bed" restraints on a number of occasions, all but one of which he alleges occurred while he was incarcerated at IMAX. However, plaintiff is now incarcerated at Alger. Only one of the alleged incidents of which plaintiff complains occurred after plaintiff was transferred to Alger; that incident allegedly occurred in January, 2005, approximately three months before plaintiff filed the present motion. In addition, and even more importantly, none of the defendants named by plaintiff in his First Amended Complaint is employed at Alger; all but one of the defendants (Gilman, whom plaintiff alleges is retired) is alleged to work at IMAX. Under the circumstances, because plaintiff is no longer confined to the institution where the named defendants allegedly subjected him to top of bed restraints, his request for injunctive relief directed against these defendants is moot. Kensu

v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996).

The purpose of a preliminary injunction is limited to merely preserving the status quo until a trial on the merits can be held. University of Texas v. Camenisch, 451 U.S. 390 U.S. 395, 101 S.Ct. 1830, 1834 (1981). According to the First Amended Complaint, the status quo is that plaintiff is housed at Alger, where none of the defendants is employed. Even if it is ultimately determined that other issues remain for trial, plaintiff's request for preliminary injunctive relief is moot, as is his request for permanent injunctive relief.

**Motion denied.**

So ordered this 27th day of April, 2005.

      /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge