UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO ANTHONY,

    Plaintiff,

v                                              Case No. 4:03-cv-87

LEE GILMAN and                          Honorable Wendell A. Miles
ANNE MICHELIN, in their official
and individual capacities,

    Defendants.
_____/

ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION
OF ORDER DENYING PRELIMINARY AND PERMANENT INJUNCTION

The plaintiff in this action is a Michigan prisoner. In his Second Amended Complaint, plaintiff, who alleges that he is currently incarcerated at the Alger Maximum Correctional Facility ("Alger"), asserts claims under 42 U.S.C. § 1983 against two defendants, one a Michigan corrections officer employed at the Ionia Maximum Correctional Facility ("IMAX"), and another a retired Michigan corrections employee who formerly served as deputy warden at IMAX. On April 27, 2005, the court issued an order denying plaintiff's motion for preliminary and permanent injunction. The matter is currently before the court on plaintiff's Motion for Reconsideration (docket no. 132) of that order.[1]

---

[1] W.D. Mich. L.Civ.R. 7.4(b) provides that "No answer to a motion for reconsideration will be allowed unless requested by the Court, but a motion for reconsideration will ordinarily not be granted in the absence of such request." Defendants have not to date requested to respond to the motion for reconsideration, and the court sees no need to order the defendants to respond.

For the reasons stated in the court's April 27, 2005 order, and for the reasons stated below, the court **DENIES** the motion.

### Discussion

In its Order (docket no. 127), the court denied plaintiff's request for both preliminary and permanent injunctive relief as moot because plaintiff is no longer housed at IMAX and because none of the defendants are employed at Alger, where plaintiff is currently housed. In support of his motion, plaintiff argues, among other things,[2] that he is entitled to injunctive relief because employees of the Michigan Department of Corrections ("MDOC") "will continue to violate [his] rights by unconstitutionally using [top of bed] restraints on him at Alger, as they have as recently as twice this year."

In his motion, plaintiff expressly relies on W.D. Mich. L.Civ.R. 7.4(a). Local Rule 7.4(a) provides that a movant seeking reconsideration "shall not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof." The rule also provides that generally, motions "which merely present the same issues ruled upon by the Court shall not be granted."

Plaintiff raises two new legal arguments his motion for reconsideration. First, he argues

---

[2]Plaintiff devotes the majority of his brief replying to issues addressed by the defendants in their response to the original motion because, plaintiff contends, the court ruled on his motion before the time for him to reply had expired pursuant to W.D. Mich. L.Civ.R. 7.2(c). However, in filing his original motion (docket no. 121), plaintiff expressly requested "IMMEDIATE CONSIDERATION" on the face of both his motion and supporting brief (docket no. 122). The court construed this request as one for expedited consideration pursuant to W.D. Mich. L.Civ.R. 7.1(e), and therefore gave the motion prompt consideration before it was fully briefed in accordance with the usual schedule provided in W.D. Mich. L.Civ.R. 7.2.

that his request for injunctive relief is not moot because the court may use its equitable power under Fed.R.Civ.P. 65(d) to issue an injunction which would bind persons other than the defendants – other MDOC employees – and prevent them from violating plaintiff's constitutional rights at Alger (or, presumably, at any other MDOC facility to which plaintiff might be transferred).[3]  Second, plaintiff argues that even an injunction directed only to the named defendants "puts other MDOC employees on notice that unconstitutionally restraining him as a punishment is a violation of his rights and extends much needed protection to him."

Plaintiff cites to Electrical Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Electric Serv. Co., 340 F.3d 373 (6th Cir. 2003) as support for the proposition that the court may issue an injunction which acts to bar "MDOC employees generally" from using "unconstitutional restraints" on plaintiff.  However, Gary's Electric does not support plaintiff's position.  Instead, that case addressed whether a corporation's owner could be held in contempt for violation of a judgment requiring the corporation to pay fringe benefits in an action under the Labor Management Relations Act and the Employee Retirement Income Security Act of 1974; the propriety of the underlying relief was not at issue.  In addition, and perhaps even more importantly, the present case is an action under 42 U.S.C. § 1983, under which liability cannot be based upon a theory of respondeat superior.  E.g., Taylor v. Michigan Department of

---

[3]Fed.R.Civ.P. 65(d) provides in pertinent part that an order granting an injunction "is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

Corrections, 69 F.3d 76, 81 (6th Cir. 1995) (citation omitted).

The MDOC is not a named defendant in this action. The current defendants, as named in plaintiff's Second Amended Complaint filed after the court issued its April 27, 2005 order, are a corrections officer who works at a facility where plaintiff is no longer incarcerated, and a former deputy warden at that facility who apparently no longer works for the MDOC at all. No one at Alger is named as a defendant. In any case, the situation presented in Gary's Electric, in which the defendant was a small company wholly owned by the alleged contemnor, was a far cry from that presented here.

Plaintiff also argues that Kensu v. Haigh, 87 F.3d 172 (6th Cir. 1996), which the court cited in its decision, "did not apparently concern a [sic] unlawful practice that was occurring generally at the transfer prison, too, nor did it hold that a transfer always made a request for preliminary relief moot." However, plaintiff's attempt to distinguish and limit Kensu is not persuasive, nor is plaintiff's flippant argument that the court may issue an order in this particular case which prohibits each and every MDOC employee (and apparently former ones too) from violating the rights of a single MDOC prisoner: plaintiff Lorenzo Anthony, # 247262. This is not a class action alleging widespread use of unconstitutional restraints; at best, even if plaintiff's allegations are viewed in the light most favorable to him, the case as stated in plaintiff's most recently filed Second Amended Complaint (docket no. 131) principally involves plaintiff's placement in top of bed restraints for a one-week period in December, 2002.

As for any new factual arguments, plaintiff now contends that he has not merely been

placed in top of bed restraints once since being transferred to Alger, but twice, the most recent incident allegedly occurring in February, 2005. However, this hardly presents a significant difference from plaintiff's First Amended Complaint, in which plaintiff alleged that he had been placed in top of bed restraints for five days in January, 2005 (docket no. 100, ¶ 67). The person or persons responsible for that placement are not named as defendants in the action, nor are the circumstances of the incidents detailed either in plaintiff's pleading or in his "affidavit" submitted in support of his original motion.[4] Plaintiff has to date submitted no affidavits which would even cause the court to be inclined to grant an evidentiary hearing, and his most recent amendment to his pleadings does not name any additional MDOC officials as defendants, and certainly no one employed at Alger.

In both his original and current motions, plaintiff appears to labor under the impression that the court has already concluded that plaintiff's placement in top of bed restraints violated his constitutional rights. The court has not so held; instead, the court merely denied summary judgment to the defendants. The burden remains on plaintiff to prove his rights were violated. Plaintiff faces obstacles – including credibility obstacles – in proving his case. At this time,

---

[4]Regarding these most recent incidents, plaintiff's Second Amended Complaint merely alleges that "[i]n January 2005 and in February 2005, MDOC employees at [Alger] placed Plaintiff Anthony in top-of-bed restraints for five days for the purpose of punishing him for alleged misconduct and without legitimate penological purpose." Id. at 7, ¶ 35. The two-paragraph affidavit which plaintiff submitted as Exhibit A to his original motion merely agreed with the facts alleged in the First Amended Complaint and sheds no additional light on recent matters. In his brief in support of his motion for reconsideration, plaintiff has provided no new additional factual submissions, attributing this circumstance to "difficulties in communicating" with counsel "in a timely manner."

however, credibility is not at issue because the court has concluded that plaintiff's request for injunctive relief is moot. Although the court appreciates that plaintiff is represented by appointed counsel, the court is not inclined to order an evidentiary hearing where plaintiff has not provided even minimal factual support for his allegations or sued the proper defendants. At this time, the record does not justify ordering the MDOC to transport a dangerous prisoner with serious disciplinary issues to federal court for a hearing in a case against two defendants who are not in a position to alter the circumstances of plaintiff's current incarceration.

## Conclusion

"A preliminary injunction is an extraordinary measure that has been characterized as 'one of the most drastic tools in the arsenal of judicial remedies.'" Bonnell v. Lorenzo, 241 F.3d 800, 808 (6th Cir. 2001). This extraordinary remedy is not justified here, where plaintiff's request is moot and plaintiff's amended pleadings do not name as defendants any officials who would be in a position to affect plaintiff's situation at his current facility of incarceration. In short, nothing in plaintiff's current motion persuades the court that it erred in denying his motion for injunctive relief.

**Motion denied.**

So ordered this 11th day of May, 2005.

    /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge