UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO ANTHONY,

        Plaintiff,                                         Case No. 4:03-cv-87

v.                                                        Hon. Wendell A. Miles

LEE GILMAN and ANNE MICHELIN,
in their official and individual capacities,

        Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION IN LIMINE

This matter is before the court on plaintiff's Motion in Limine to Exclude His Criminal Record, Criminal Records of Other Prisoner Witnesses, and His Prison Discipline Record (Doc. No. 174). Defendants have opposed the motion.

For the reasons discussed below, the Court **denies in part and grants in part** plaintiff's motion.

## BACKGROUND

Plaintiff is a prisoner incarcerated in the Michigan Department of Corrections ("MDOC"). Plaintiff was, at the time relevant to the claims at issue, housed in the Ionia Maximum Correctional Facility ("IMAX"), where defendant Lee Gilman (who is now retired) was employed as deputy warden and where defendant Anne Michelin was and is a corrections officer.

This action arises from events which occurred at IMAX in December, 2002. On December 3, 2002, plaintiff removed an electrical outlet plate from his cell wall. Plaintiff was thereafter

removed from his cell, and both the cell and plaintiff's person were searched by corrections officers, presumably in an attempt to locate the outlet plate. Although plaintiff alleges that he returned all of the metal parts comprising the plate, corrections officers believed that not all of the metal parts were accounted for and that plaintiff might have concealed some of the metal by ingesting it. Defendant Gilman contends that for this reason, he authorized placing plaintiff in top-of-bed restraints. Plaintiff was placed in top-of-bed restraints on December 3, 2002, where he remained for seven days. Plaintiff alleges that during this time, he was not permitted bathroom breaks and was forced to soil himself and his bed linens, which were not changed. Plaintiff was released from the restraints on December 10, 2002. No additional metal was ever recovered.

Plaintiff alleges that Gilman's decision to place plaintiff in top-of-bed restraints for seven days, without bathroom breaks, violated his rights under the Eighth Amendment because it was done without a legitimate penological purpose and was solely to punish and humiliate him. Plaintiff also alleges that defendant Michelin violated his rights under the Eighth Amendment by refusing his requests for bathroom breaks while he was restrained. This case will be tried to a jury on these claims.

## ANALYSIS

Plaintiff and three of his witnesses are prisoners incarcerated in facilities operated by the Michigan Department of Corrections. The defendants contend that plaintiff has a "horrendous" prison disciplinary record which includes numerous misconducts and two convictions for assaulting corrections officers. Defendant Gilman and Michelin's Trial Brief at 1-2. Defendants plan to use plaintiff's institutional disciplinary record at trial in order to establish that defendant Gilman believed that plaintiff posed a security risk and that he authorized plaintiff to be kept in top-of-bed restraints for seven days

based on concerns of safety and security, not for purposes of punishment. In his motion in limine, plaintiff seeks to preclude the defendants from offering any evidence of either his institutional disciplinary record or convictions and from offering any evidence of criminal records of three of his witnesses who are also incarcerated. Plaintiff argues that evidence of his prior criminal record and disciplinary history are inadmissible character evidence irrelevant to any material issue in the case. Plaintiff also argues that evidence of both his criminal convictions and those of his witnesses is inadmissible for impeachment purposes because the probative value of the convictions is substantially outweighed by its prejudicial effect. The court will address the issues of the convictions and plaintiff's disciplinary record separately.

## Convictions

Plaintiff argues that evidence of his prior criminal record is inadmissible character evidence irrelevant to any material issue in the case and that evidence of both his criminal convictions and those of his witnesses is inadmissible for impeachment purposes because the probative value of the convictions is substantially outweighed by its prejudicial effect.

The court is somewhat hampered in its analysis regarding plaintiff's and his witnesses' prior convictions, insofar as the parties have not provided the court with complete information about those convictions, such as offenses, dates, and sentences. Notwithstanding this omission, the court will endeavor to rule in limine on plaintiff's request for exclusion.

Plaintiff relies on both Fed.R.Evid. 404(b) and 609 in support of his motion. The court concludes that this issue is controlled by Rule 609, which provides in pertinent part as follows:

> **(a) General rule.** For the purpose of attacking the credibility of a witness,

> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
>
> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

Plaintiff argues that none of his convictions or those of the other prisoner witnesses involve dishonesty or false statement, and the defendants have not disputed that contention. Therefore, the provision at issue if Rule 609(a)(1), which specifies that the evidence "***shall be admitted***, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year" (emphasis supplied). Because plaintiff and his fellow witnesses all reside in MDOC prisons, the court concludes that the latter specification of Rule 609(a)(1) -- the degree of punishment -- is satisfied. The question is therefore whether, as provided by Rule 403, the evidence of the convictions, although relevant, should be excluded

> if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Here, plaintiff argues that the evidence of the convictions is of minimal value in impeaching the prisoner witnesses, including plaintiff, and is outweighed by the risk of unfair prejudice. Plaintiff emphasizes in particular the risk that the jury may improperly conclude that plaintiff must have deserved the treatment he allegedly received from the defendants. However, as plaintiff himself concedes, the very fact that he will testify as a prison inmate will serve to impeach his credibility because

the jury will know that he is already a convicted felon. This applies to the other prisoner witnesses as well. The jury will also necessarily know – because it is highly relevant to the defense -- that plaintiff and his fellow witnesses were incarcerated in a maximum security facility. This knowledge may be prejudicial to the plaintiff, but not unfairly so, and the prejudice is not substantially increased by permitting jurors to learn which offenses led to the incarceration. Plaintiff has simply not shown that any of these offenses are so severe that jurors will be unable to fairly assess the merits of his claims.[1] Under the circumstances, the court denies the motion to bar reference to his criminal record or the criminal records of the other prisoner witnesses.

**Plaintiff's Prison Disciplinary Record**

Plaintiff argues that evidence of his prison disciplinary history is inadmissible character evidence irrelevant to any material issue in the case. Fed.R.Evid. 404, on which plaintiff relies, provides in pertinent part as follows:

> **(a) Character Evidence Generally.**--Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
>
> * * *
>
> **(3) Character of Witness.**--Evidence of the character of a witness, as provided in rules 607, 608, and 609.
>
> **(b) Other Crimes, Wrongs, or Acts.**--Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity,

---

[1] The defendants argue that plaintiff has twice been convicted of assaulting prison employees. These convictions were presumably handed down after he was incarcerated on an original conviction. However, the court's reasoning also applies to these later assault convictions, which also form a part of the court's conclusions below regarding plaintiff's prison disciplinary history.

>   intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . .

Although plaintiff concedes that he may be asked, during cross-examination, about specific instances of conduct probative of his truthfulness as a witness under Fed.R.Evid. 608(b), he argues that instances in which he was disciplined for threatening or destructive behavior, assault, or sexual misconduct provide little indication as to his truthfulness as a witness and are not relevant to any fact the jury must decide.

Plaintiff is simply wrong that evidence of his discipline record is not relevant to any fact issue the jury must decide. A critical issue the jury will be asked to consider is whether the measures authorized by defendant Gilman were "'applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 1085 (1986). Internal prison security is perhaps the most important of penological goals. Overton v. Bazzetta, 539 U.S. 126, 123 S.Ct. 2162, 2168 (2003). Plaintiff's prison disciplinary record, to the extent it was known by defendant Gilman, not being used as character assassination but instead is directly relevant to the question of Gilman's intent in authorizing plaintiff's restraint and whether he had a legitimate penological purpose for his decision. To bar introduction of evidence of plaintiff's discipline records, particularly those which pertain to security issues, would be to deny defendant Gilman the opportunity to defend himself in this case by offering the strongest reason which he had for authorizing the restraints.

In his reply brief filed in support of his motion, plaintiff argues that the court has already held that the initial decision to place plaintiff in top-of-bed restraints was lawful to determine whether he had metal on his person and therefore this not one of the questions at issue in this trial. Accordingly,

plaintiff further argues, the question is simply whether defendant Gilman continued the restraints for a seven-day period in order to punish plaintiff. The court finds no merit in this position. The court has not removed from the jury's consideration any aspects of defendant Gilman's decision to either authorize placement or continuation of the restraints. In order to defend his decision, defendant Gilman will need to show that he believed that plaintiff posed a threat to institutional security. Whether plaintiff posed a security risk remains a is a critical issue in the case, to defendant Gilman if not to plaintiff himself. Under the circumstances, the court concludes that the evidence is not inadmissible character evidence but is instead highly relevant and admissible for other purposes, include intent, going to the substance of the case.[2]

However, that is not to say that the entirety of plaintiff's disciplinary record should be admitted into evidence. Apparently, plaintiff has amassed a lengthy disciplinary record which may involve violations numbering in the hundreds. As noted above, Fed.R.Evid. 403 provides that even relevant evidence may be excluded if its probative value is substantially outweighed by other considerations, such as undue delay, waste of time, or needless presentation of cumulative evidence. Although it does not appear that the defendants intend to introduce evidence pertaining to all of plaintiff's disciplinary violations, they have provided the court with a bench book of their proposed exhibits which includes 64 separate disciplinary violations. The court has reviewed each of these 64, and concludes that it would be prudent to permit only those which are the most probative of the defense that plaintiff posed a security risk or that he might be willing to hide metal by ingesting it or re-ingesting it in his own feces. These include any violations of which defendant Gilman was aware and which also involve threatening

---

[2]Plaintiff has cited to at least three cases on which he relies in support of his position that his prison disciplinary record is inadmissible character evidence. However, none of these cases is directly on point. For that reason, the court concludes that they are not controlling.

or violent conduct at IMAX or a willingness to handle his own human waste. These include those infractions dated as follows (listed in the order in which they appear in the defendants' exhibit book): May 13, 2002; April 19, 2000; December 1, 2002; December 2, 2002; December 1, 2002; August 1, 2002; March 30, 2002; April 30, 2002; February 14, 2002; October 23, 2000; October 20, 2000; March 31, 2002; December 1, 2002; November 4, 2002; June 24, 2002; June 27, 2002; December 9, 1997; October 27, 1997; March 31, 2002; August 28, 2001; July 20, 2001; May 19, 2001; January 7, 2001; and January 5, 2001. In addition, defendants will be permitted to inquire regarding any infractions which predate the events at issue and which resulted in a conviction for an assault on a prison employee. Although the court will also permit general references plaintiff's extensive disciplinary history, the court concludes that evidence of any specific infractions should be limited to those listed herein. The remaining specific instances of conduct are excluded from this case as cumulative and a waste of time.

## CONCLUSION

Plaintiff's motion is **granted in part and denied in part** as specified herein.

Entered this 2nd day of December, 2005.

          /s/ Wendell A. Miles
          Wendell A. Miles
          Senior U.S. District Judge