UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO ANTHONY,

    Plaintiff,

v.

LEE GILMAN, et al.,

    Defendants.
_____/

Case No. 4:03-cv-87

Hon. Wendell A. Miles

## ORDER

This matter is before the Court on Defendants' Motion to Tax Costs, (dkt. #215), and Defendant Michelin's Motion for Attorney's Fees Under 42 U.S.C. § 1988, (dkt. #217). As discussed herein, Defendants' motion to tax costs is **granted** and Defendant's motion for attorney's fees is **denied**.

Following a trial, a jury determined that neither Defendant Gilman nor Defendant Michelin violated Plaintiff's Eighth Amendment rights. Defendants Gilman and Michelin now seek reimbursement of fees and costs in the amount of $652.85. *See* 28 U.S.C. §§ 1920, 1923; Fed. R. Civ. P. 54(d); W.D. Mich. LCivR 54.1. Defendant Michelin also seeks to recover attorney fees in the amount of $9,000 pursuant to 42 U.S.C. § 1988.

    A.    Motion for Costs

Federal Rule of Civil Procedure 54 indicates that costs "shall be allowed as of course to the prevailing party," thereby creating "a presumption in favor of awarding costs." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). Moreover, the Sixth Circuit has indicated that, at the conclusion of

a suit, costs may be imposed "as in other cases" against a plaintiff who was permitted to proceed *in forma pauperis*, whether or not the lawsuit is deemed frivolous. *See Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991); 28 U.S.C. § 1915(e).

There exist several factors which the Court may consider when evaluating a motion for the imposition of costs, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs. *See Singleton*, 241 F.3d at 539. Furthermore, while a plaintiff can no longer assert indigency as a defense to payment of the costs imposed, the Court may consider indigency as a factor relevant to the question of whether to impose costs. *See Id.* at 539, 542; *Talley-Bey v. Knebl*, 168 F.3d 884, 886-87 (6th Cir. 1999); 28 U.S.C. § 1915(f)(2)(A).

Plaintiff has failed to overcome the presumption in favor of awarding costs. Moreover, the costs sought are both reasonable and recoverable. *See* 28 U.S.C. §§1920(4), 1923(a); *Meador-Bey v. Jones*, 1993 WL 76228 (6th Cir., March 17, 1993). Accordingly, the Court grants Defendants' motion, imposing upon Plaintiff costs in the amount of $652.85.

Having found appropriate the imposition of the requested costs, the Court must determine how such costs are to be paid. When costs are assessed, the issue is whether the prisoner will be required to pay such costs immediately, or whether he will be permitted to pay over time pursuant to the process articulated in §1915(b)(2). *See Talley-Bey*, 168 F.3d at 886. Plaintiff has established his indigency and, therefore, shall be permitted to pay the costs herein imposed over time.

A prisoner litigant against whom costs are taxed is required to make an initial payment of costs equal to 20-percent of the greater of (a) the average monthly deposits to the prisoner's account, or (b) the average monthly balance in the prisoner's account over a 6-month period. 28 U.S.C.

§1915(a)(2), (f)(2)(B). Plaintiff's certificate of prison account activity indicates that this amount is equal to $0.23. Accordingly, Plaintiff is required to make an initial payment of $0.23.

Plaintiff is further required to pay to the Michigan Attorney General's Office the remaining balance of the costs imposed. This is to be accomplished by withdrawing 20-percent of the monthly income credited to Plaintiff's account until paid in full. 28 U.S.C. § 1915(a)(2). While the Michigan Department of Corrections shall withhold funds from Plaintiff's prisoner account as required by law, it is not required to immediately forward withdrawn funds totaling less than $10 to the State Attorney General's Office. Moreover, the Michigan Department of Corrections, in conjunction with the Michigan Attorney General's Office, shall take steps necessary to ensure that the total amount withdrawn does not exceed the $652.85 in costs awarded. 28 U.S.C. § 1915(f)(2)(C).

### B. Motion for Attorney Fees

Defendant Michelin also seeks to recover attorney fees, in the amount of $9,000.00, from Plaintiff. For the reasons discussed below, the Court denies Defendant's motion.

Attorneys fees should be awarded to a prevailing defendant only if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Williams v. City of Southfield*, 99 Fed. Appx. 44, 46 (6th Cir., Apr. 28, 2004) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)). While a showing of bad faith is not required for an award of attorneys fees, "such a showing would justify an award of fees." *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985).

Defendant asserts that she is entitled to an award of attorney fees in this matter because Plaintiff's action was asserted in bad faith. In support of this argument, Defendant asserts that

"[a]lthough Plaintiff claimed that all the other officers also denied him breaks, he chose to single out Anne Michelin to bring to trial." This assertion is inaccurate. In his initial complaint, Plaintiff asserted against numerous corrections officers the very claims which he asserted against Defendant Michelin. The claims against the other corrections officers were dismissed pursuant to a stipulation by the parties, (dkt. #129-130), and subsequently re-asserted in a separate action. *See Anthony v. Gilman, et al.*, case no. 1:05-cv-426 (W.D. Mich.).

Defendant further asserts that Plaintiff's bad faith is demonstrated by the evidence presented at trial which established that Plaintiff harbored significant animosity toward Defendant. While the Court does not dispute the existence of such evidence, the relevant question is not the nature of the personal relationship between Plaintiff and Defendant. Instead, the relevant inquiry is the nature of Plaintiff's claims against Defendant. In this respect, the Court cannot conclude that Plaintiff's action was asserted in bad faith or was frivolous, unreasonable, or without foundation. Plaintiff presented evidence, which if believed, would have entitled him to relief. That the jury apparently discredited this evidence and ruled in favor of Defendant does not detract from the nature of Plaintiff's allegations against Defendant Michelin. Accordingly, the Court **denies** Defendant Michelin's motion for attorneys fees.

**IT IS SO ORDERED**.

Dated: <u>March 21, 2006</u>               /s/ Wendell A. Miles
                                            Wendell A. Miles
                                            Senior U.S. District Judge