UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO ANTHONY

       Plaintiff,                          Case No. 4:03-cv-87

v                                          Hon. Wendell A. Miles

LEE GILMAN and ANNE MICHELIN
in their official and individual capacities,

       Defendants.
_____/

OPINION AND ORDER ON PLAINTIFF'S MOTION
FOR RELIEF FROM JUDGMENT

       The plaintiff in this action is a Michigan prisoner who asserted claims under 42 U.S.C. § 1983 against current and former Michigan corrections officials, alleging that he was subjected to cruel and unusual punishment when he was restrained to his bed for a seven-day period and also denied bathroom breaks from the restraints during that period. Plaintiff's claims against the two remaining defendants, Lee Gilman and Anne Michelin, were the subject of a two-day jury trial, during which plaintiff was represented by appointed counsel. The jury returned a verdict in favor of the defendants, and the court entered judgment in accordance with the verdict on December 7, 2005.

       The matter is currently before the court on plaintiff's *pro se* motion for relief from judgment (docket no. 248). The defendants have opposed the motion. For the following reasons, the court **DENIES** the motion.

**I**

After judgment was entered, plaintiff's appointed counsel filed a timely motion for new trial. On January 26, 2006, the court issued a ruling denying that motion. On February 9, 2006, plaintiff filed a *pro se* notice of appeal dated February 7, 2006.[1]  On May 17, 2006, the Court of Appeals granted a motion by plaintiff to voluntarily dismiss his appeal.

Plaintiff filed the current motion while his appeal was still pending. As a consequence, the defendants argued in their response to the motion that the court lacked jurisdiction to consider plaintiff's request for relief from the judgment. However, because that appeal has now been dismissed, the court may once again assume jurisdiction over this matter to resolve plaintiff's motion.

**II**

Resolution of plaintiff's motion is governed by Fed.R.Civ.P. 60(b), which provides in pertinent part as follows:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer

---

[1] Plaintiff's appointed counsel subsequently moved for leave to withdraw. Plaintiff did not oppose the motion, which was granted by the court. See Order dated March 3, 2006 (docket no. 237).

>   equitable that the judgment should have prospective application; or (6) any other
>   reason justifying relief from the operation of the judgment. The motion shall be
>   made within a reasonable time, and for reasons (1), (2), and (3) not more than one
>   year after the judgment, order, or proceeding was entered or taken. . . .

The party seeking to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc., 298 F.3d 586, 592 (6th Cir. 2002). Relief under the rule "'is circumscribed by public policy favoring finality of judgments and termination of litigation.'" Id. (quoting Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001)). This is particularly true for motions invoking subsection (6) of the rule, which applies only in exceptional or extraordinary circumstances which are not addressed by subsections (1) through (5). McCurry, 298 F.3d at 592.

In his motion, plaintiff raises numerous grounds for relief, seemingly relying on any subsection of Rule 60(b) which could conceivably be applied to his arguments. Plaintiff's asserted grounds include approximately 15 separate allegations that his appointed trial counsel was ineffective, allegations that the defendants gave perjured testimony; allegations of newly discovered evidence, and other miscellaneous allegations of error or prejudice, including but not limited to misconduct by defense counsel and judicial bias. However, plaintiff is not entitled to relief under any of the enumerated sections of Rule 60(b).

Plaintiff raises "ineffective assistance of counsel" as grounds for relief from the judgment. In support of his position that appointed counsel was ineffective, plaintiff points to numerous matters which he believes counsel could have handled differently during the trial. (Plaintiff even disagrees with the issues appointed counsel raised in the motion for new trial.)

Plaintiff also argues that counsel was biased against both him and his witnesses, and that one of the attorneys appointed to represent him did not appear at the trial.

Plaintiff moved for appointment of counsel in this action. The court granted his motion, appointing two attorneys employed by a prominent Grand Rapids-based law firm. Although one of the appointed attorneys did not appear at the trial, the other appointed attorney did, accompanied by a second attorney from the firm. Plaintiff at no point expressed to the court any dissatisfaction with the appointment, and nothing in his current motion provides any convincing indication that his counsel was biased against him.

Plaintiff's true claim is that he disagrees with how appointed counsel handled the trial, and it is clear that what he really hopes to achieve through his motion is an opportunity to have the case retried differently. However, this is not a permissible basis for relief under Rule 60(b). Cooey v. Bradshaw, 338 F.3d 615, 620 -622 (6th Cir. 2003); see also Jinks v. AlliedSignal, 250 F.3d 381, 385 (6th Cir.2001) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof"). In addition, an allegation of ineffective assistance by private counsel in a civil case is not a basis for overturning a judgment, as there is no statutory right to have counsel – effective or otherwise – appointed in a civil case. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir.1988). Claims of attorney error and legal malpractice foreclose an award of relief under Rule 60(b)(1). McCurry, 298 F.3d at 593.

Plaintiff also argues that the defendants perjured themselves on the stand in various respects. However, plaintiff's allegations of perjury pertain only to matters on which the defendants could have been cross-examined or impeached at trial based on evidence to which

4

plaintiff had access before trial. Evidence is not "newly discovered" for purposes of subsection (2) of Rule 60(b) where a party had knowledge of this evidence at the time of the district court's judgment. In order to fall within that subsection of the rule, the evidence must be such that it could not, by due diligence, have been discovered in time to move for a new trial under Fed.R.Civ.P. 59(b). Although plaintiff argues that evidence of the purported perjury is "newly discovered," plaintiff's allegations of perjury go only to issues which could have been developed during the trial. A party may not relitigate issues of credibility under the guise of a motion under Rule 60(b). Ragheb v. Blue Cross and Blue Shield of Michigan, No. 87-2149, 1988 WL 79669, *1 (6th Cir. July 28, 1988) (citing Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1552 (11th Cir.1985)). Plaintiff's allegations of perjury do not provide a basis for relief under Rule 60(b)(2).

     Plaintiff's allegations of perjured testimony likewise fail to establish grounds for relief based on fraud under subsection (3) of Rule 60(b). Perjured testimony alone does not constitute fraud warranting relief from a judgment. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245 (1944) (distinguishing fraud warranting relief from "simply a case of a judgment obtained with the aid of a witness who, on the basis of after-discovered evidence, is believed possibly to have been guilty of perjury"). An allegation that a party has new evidence which contradicts the trial testimony of witnesses is insufficient for a finding of fraud upon the court. Serzysko v. Chase Manhattan Bank, 461 F.2d 699, 702 (2d Cir. 1972). Plaintiff's allegations of perjury go to matters which could have been explored on cross-examination at trial, and they are therefore insufficient to support a motion for relief from judgment under Rule 60(b)(3).

     Plaintiff also argues that he was prejudiced at trial because defendant Michelin cried

during her testimony. He contends that Michelin's emoting likely created sympathy for her, and that the jurors should have been questioned about the effect Michelin's at times emotional testimony had on their verdict. However, plaintiff is unfamiliar with Fed.R.Evid. 606(b), which prohibits inquiry into such matters.[2] Under Rule 606(b), absent an allegation of extraneous prejudicial information or outside influence, jurors may not testify as to the effect of anything upon their emotions or mental processes. Plaintiff's allegation of prejudice resulting from a matter not extraneous to the proceedings does not provide a basis for relief under Fed.R.Civ.P. 60(b)

Plaintiff raises numerous additional claims of error and/or prejudice. These range from claims of erroneous evidentiary admissions and erroneous jury instructions and special verdict form to claims of misconduct by defense counsel and judicial bias. Plaintiff also argues that the court erred in denying his motion for new trial.

Generally, motions under Fed.R.Civ.P. 60(b)(1) seeking to reopen a judgment to correct legal error committed by the trial court must be brought within the time for appeal of the judgment. Pierce v. United Mine Workers of America Welfare and Retirement Fund for 1950

---

[2]Fed.R.Evid. 606(b) provides as follows:

> **(b) Inquiry into validity of verdict or indictment.** Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.

and 1974, 770 F.2d 449, 451-452 (6th Cir.1985).  Broader equitable principles apply under Rule 60(b)(6).  See Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990) (Rule 60(b)(6) requires "something more" than first five clauses of rule; principles of equity must mandate relief).  However, subsection (b)(6) is properly invoked only in unusual and extreme situations not addressed by subsections (1) through (5).  McCurry, 298 F.3d at 592.  Because of the residual nature of Rule 60(b)(6), a claim of simple legal error – unaccompanied by extraordinary or exceptional circumstances – is not cognizable under this provision.  Hopper v. Euclid Manor Nursing Home, 867 F.2d 291, 294 (6th Cir.1989); Pierce, 770 F.2d at 451-452.  Plaintiff's claim of misconduct by defense counsel, based on arguments counsel made based on the allegedly erroneous admission of certain evidence, is likewise not cognizable under Rule 60(b)(6).

Finally, plaintiff's argument the court was biased against him is without merit.  Plaintiff appears to argue that the court was biased against him because the court was occasionally conscious of the time and because the court ruled against plaintiff on certain matters.  However, judicial rulings alone almost never constitute a valid basis for a finding of bias or partiality.  See Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157 (1994).  While they may present proper grounds for appeal, judicial rulings or remarks made during the trial ordinarily do not support a recusal, absent "such a high degree of favoritism or antagonism as to make fair judgment impossible."  Id.  Plaintiff has not established any extrajudicial antagonism, and his unsubstantiated allegations of bias are simply insufficient to warrant relief under any subsection of Rule 60(b).

## **Conclusion**

Plaintiff has failed to establish grounds for relief under Fed.R.Civ.P. 60(b).  Therefore,

**Motion denied.**

So ordered this 13th day of November, 2006.

 /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge
